CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* DAVIS.

[No. 2,454. Filed June 17, 1898.]

SPECIAL VERDICT.—*Trespass.—Damages.—Railroads.*—In an action in trespass by a land owner against a railroad company for injuries to his land by reason of the destruction of a hedge fence thereon and the removal of defendant's tracks on his land, a special verdict finding that plaintiff was damaged in the sum of $100.00 by reason thereof, and the value of the land decreased, will support a judgment in his favor without finding the market value of the land before and after the injury.

From the Clinton Circuit Court. *Affirmed.*

*Guenther & Clark, John T. Dye* and *Elliott & Elliott,* for appellant.

*Palmer & Palmer,* for appellee.

HENLEY, C. J.—Appellant's road, running through Clinton county, passes through the farm of Elon Davis, the appellee. The only right of way through said farm owned by appellant is such a one as it has acquired by prescription. The appellee owned a hedge

fence along the south side of the railroad which was within ten feet from the track of the railroad. Appellant moved its track some three or four feet to the south, and the hedge fence interfering with the running of trains, appellant cut it down and cut' off the branches which protruded toward appellant's track. It was for this alleged injury to the appellee that he brought his action.

The complaint is as follows: "(1) The plaintiff complains of the defendant, and says that at the times hereinafter mentioned the defendant was, and still is, a duly incorporated railroad company, owning and operating a railroad through Clinton county, Indiana; that said railroad passes over and upon the lands of plaintiff in said county; that on and prior to the 8th day of June, 1896, the plaintiff owned a hedge fence along the southwest side of said railroad, and about ten feet from the track of said railroad; that his said hedge fence was one hundred rods in length and was of the value of $300; that on the 8th and 9th days of June, 1896, the defendant, by its servants and employes, unlawfully and wrongfully entered upon plaintiff's said premises, and chopped down and destroyed plaintiff's said hedge fence, and wrongfully moved said defendant's railroad track five feet nearer to said fence, by reason of which chopping and removal of said track, said hedge fence was wholly destroyed, to plaintiff's damage in the sum of $300, and his said lands adjoining said railroad track were damaged in the sum of $50.00 by reason of removing said track five feet nearer thereto. Wherefore plaintiff demands judgment for $350.00 and all proper relief." Appellant answered in two paragraphs. Reply filed to the second paragraph of answer. There was a jury trial, and a special verdict returned, upon which the court rendered judgment in favor of appellee for $100.

The errors assigned by appellant are: (1) The court erred in overruling the demurrer to the first paragraph of complaint. (2) The court erred in sustaining appellee's motion for judgment in his favor upon the special verdict returned by the jury in this cause. (3) The court erred in overruling appellant's motion for judgment in its favor upon the special verdict returned by the jury in this cause. (4) The court erred in overruling appellant's motion for a *venire de novo*. (5) The court erred in overruling the motion for a new trial. Appellant's argument is directed to the second, third and fifth specifications.

The special verdict of the jury found the following facts amongst others: That the appellant's railroad runs over and upon appellee's lands; that the appellant has no right of way for its road over appellee's lands except such as it has acquired by user; that it has acquired only three feet in width from the end of its ties; that appellee was, on the 8th and 9th days of June, 1896, the owner of a hedge fence extending across his said lands on the southwest side of appellant's railroad; that appellee's hedge fence was about nine feet from the west end of appellant's ties; that on the 8th and 9th days of June, 1896, appellant removed its railroad track from where it then was toward appellee's hedge fence; that appellant so moved its track three feet, and that appellant so moved its track onto appellee's land; that appellant, by its agents and employes, on said 8th and 9th days of June, 1896, entered upon appellee's said lands and chopped and injured said hedge fence; that appellant, on said days, removed its railroad track towards appellee's hedge fence, and chopped and injured said fence without appellee's consent; that appellee had owned and been in possession of said hedge fence twenty-two years; that appellee was damaged by reason of said appel-

lant's interference with, and chopping of his said hedge fence, on the 8th and 9th days of June, 1896, in the sum of $100; that appellee's land was lessened in value by such cutting and trimming of the hedge fence.

The above findings support every material allegation of the appellee's complaint, and there was evidence from which the jury was justified in so finding. It was not necessary for the jury to find the market value of the land before the alleged destruction of the hedge, and its market value after the hedge was destroyed. If we concede that the damages should be arrived at in that way, that this should be the manner of proof, still such questions have no place in a special verdict, which is intended to contain the facts deduced by the jury from the evidence before it. From such evidence the jury could and did determine appellee's damage.

It was not error to refuse to submit to the jury interrogatory numbered 44a. Upon the facts as found by the jury in their special verdict, the lower court could not have done otherwise than render judgment for the appellee. Judgment affirmed.